W. S. DWINNELL and Another v. CHARLES C. KRAMER and Another.[1]

November 14, 1902.

Nos. 13,273—(142).

**Fire Insurance Policy—Liability for Assessment.**

The insurance policy which is the basis of this action was in form and substance the standard form, except that at the end thereof the words following were added: "This policy is issued in accordance with the provisions of sections 47, 48, 49, and 40, chapter 175, General Insurance Laws of the State of Minnesota. Reference is hereby made to said acts, and the same, together with the by-laws and the application of the assured on file with this company, are hereby declared to be a part of this contract." *Held*, construing certain provisions of Laws 1895, c. 175, relating to mutual fire insurance companies, that the defendants were not thereby made liable for assessments for the losses of the company.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, Holt, J., overruling a demurrer to the answer. Affirmed.

*W. S. Dwinnell* and *John C. Sweet*, in pro. per.

*Winfield W. Bardwell*, for respondents.

START, C. J.

This is an appeal from an order of the municipal court of the city of Minneapolis overruling the plaintiffs' demurrer to the answer herein.

The complaint alleged that the Minneapolis Fire & Marine Mutual Insurance Company, hereafter designated as the company, is a corporation organized under Laws 1895, c. 175, to do a mutual fire insurance business; that on April 3, 1900, the company, at the request of the defendants, and in consideration of $9.20, as premium, executed to them its policy of insurance, which is made a part of the complaint; that on March 5, 1901, the company was by the district court of the county of Hennepin, in sequestration proceedings pending therein, adjudged insolvent, and the plaintiffs were appointed receivers thereof to wind up its affairs; that they

[1] Reported in 92 N. W. 227.

accepted and qualified as such; and, further, that on March 15, 1901, the district court made an assessment upon the policy holders of the company to pay its losses, and that the amount so levied against the defendants was $9.20; and that they were duly notified of the amount thereof, but have never paid it. The complaint demands judgment for the amount of the assessment.

The answer admitted that the policy was issued to them by the company, but alleged, in effect, that it falsely represented to them, for the purpose of inducing them to accept the policy, that it was not a mutual policy, but one upon the all-cash plan, and that by accepting the same the defendants would not incur any contingent liability; that no notice was printed on the policy of the time and place of holding annual meetings of the company, as required by law, in case of mutual insurance policies; and that no notice of the application to the court to levy the assessment was served upon them.

It may be conceded that, if the complaint states a cause of action, these allegations of the answer do not constitute a defense. But a demurrer reaches back to the first pleading which is defective in substance, and it is the contention of the defendants that the complaint does not allege facts constituting a cause of action. Their claim is that the policy, which is made a part of the complaint, as the basis of the alleged cause of action, shows upon its face that the defendants were not insured on the mutual plan, and that the extent of their liability by the terms of the policy was the amount of the premium named therein, which has been paid.

The policy is, in form and substance, the Minnesota standard policy, provided for by Laws 1895, c. 175, § 53, except that at the end thereof there are inserted these words:

"This policy is issued in accordance with the provisions of sections 47, 48, 49, and 40, chapter 175, General Insurance Laws of the State of Minnesota. Reference is hereby made to said acts, and the same, together with the by-laws and the application of the assured on file with this company, are hereby declared to be a part of this contract."

We assume that the reference is to Laws 1895, c. 175. Other than the words we have quoted, and the name of the company,

there is not a word in the policy to indicate that it is a mutual insurance policy, but, on the contrary, all other provisions thereof are precisely those which would be used in cases where the only liability intended to be imposed by the policy upon the insured was the payment of the amount of the premium therein named. The sole question, then, is whether the interpolation of the provision we have quoted, in the policy, made the defendants contingently liable for an assessment for the losses of the company, as provided by the sections of the statute referred to therein. An answer to this question involves a consideration of the following provisions of Laws 1895, c. 175:

Section 39. "Each policyholder shall be liable to pay his apportional part of any assessments which may be made by the company in accordance with law and his contract on account of losses and expenses incurred while he was a member, provided, he is notified of such assessment within one year after the expiration of his policy."

Section 40. "Mutual fire insurance companies * · * * shall charge and collect on their policies a full mutual premium in cash or notes absolutely payable. Any such company may in its by-laws and policies fix the contingent mutual liability of its members for the payment of losses and expenses not provided for by its cash fund, provided, that such contingent liability of a member shall not be less than a sum equal to and in addition to the cash premium written in his policy, nor more than a sum equal to three times the amount of such cash premium. The total amount of the liability of the policyholder shall be plainly and legibly stated upon each policy."

Section 52. "In all insurance against loss by fire the conditions of insurance shall be stated in full, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty or a part of the contract, except so far as they are incorporated in full into the policy."

Section 53. "No fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth, except as follows, to-wit:"

Then follow certain exceptions which authorize any insurance company to print on or in its policies certain matters not found in the standard form,—among others, any provisions ' which it is authorized or required by law to insert therein." But the exceptions do not include the provision which was added to the policy

in this case. Then follow the form and subject-matter of the standard policy.

It is obvious from the mere reading of these sections that they require that the total liability of the insured and the terms and conditions of insurance be fully and clearly stated in any policy issued on the mutual plan, and that the liability stated in the policy cannot be increased by a mere reference therein to sections of the statute by number, or to the by-laws or the articles of incorporation of the company issuing the policy. A policyholder in such a company is liable to assessment for losses, not simply in accordance with law, but in accordance with his contract. Any such company may fix the contingent mutual liability of its policy holders, not merely, by its by-laws, but by its policies, and "the total amount of the liability of the policyholder shall be plainly and legibly stated upon the face of each policy." Again, the conditions of insurance must be stated in full; nor can the by-laws of the company be considered a part of the contract, except so far as they are incorporated in full into the policy. While mutual insurance companies may use the standard form, and perhaps must, they are expressly authorized to, and must, insert therein such provisions as will show the total amount of the liability of the policyholder. Or in other words, if they seek to impose upon him a contingent mutual liability for their losses, they are not only authorized so to do, but must so state plainly and legibly on the face of his policy. Laws 1895, c. 175, §§ 40, 53, subd. 4. To permit them to issue cash or stock policies, and, by a formal reference to the statute and their by-laws, thereby impose upon the insured a contingent mutual liability for their losses, would be contrary to the express provisions and manifest intent of the statute, and a gross fraud.

No such liability was stated in the policy here in question, which contains the ordinary contract of insurance, without the mutual conditions required by the statute, whereby the company insured for one year the property of the defendants therein described, in consideration of the payment of the cash premium therein named. We accordingly hold that the defendants are not liable upon this

policy, contingently or otherwise, in any amount in excess of the cash premium therein named; hence the complaint does not state a cause of action.

Order affirmed.