W. S. DWINNELL and Another v. FRED FELT.[1]

June 19, 1903.

Nos. 13,403—(114).

**Fire Insurance Policy.**

An insurance policy issued by appellant, a mutual insurance company, was according to the Minnesota standard form, except that it contained references to the articles of incorporation and by-laws, and a provision that the premium named in the policy should be payable in cash or notes, as agreed upon, and that the insured, by the acceptance of the policy, assumed an additional liability equal to the premium.

In an action to recover the additional premium, *held*:

**Additional Premium.**

The policy stated upon its face that it was a mutual company, and that the insured was subject to pay the additional premium, and the contract was not changed by the fact that it was represented to be a stock policy.

**Estoppel.**

Having kept the policy and received the benefit of the insurance, the insured was estopped from setting up as a defense fraudulent representations as to its character.

**Notice of Assessment.**

The insured was not entitled to notice of intention to make an assessment for such additional premium.

**Annual Meeting.**

The policy was not void because it did not contain a notice of the annual meetings, nor because the insured did not receive such notice.

**Defense.**

The answer did not state a defense

**Complaint.**

The complaint stated a good cause of action. Dwinnell v. Kramer, 87 Minn. 392, distinguished.

Action in the municipal court of Minneapolis by plaintiffs, as receivers of Minneapolis Fire & Marine Mutual Insurance Company, insolvent, to recover an assessment levied upon defendant in the insolvency proceedings by the district court for said county on account

[1] Reported in 95 N. W. 579.

of a policy of insurance issued by said company to defendant. From an order Holt, J., overruling a demurrer to the answer, plaintiffs appealed. Reversed.

*William S. Dwinnell* and *John C. Sweet,* for appellants.

*Winfield W. Bardwell,* for respondent.

LEWIS, J.

The Minneapolis Fire & Marine Mutual Insurance Company was organized under the provisions of Laws 1895, c. 175, and, having become insolvent, appellants were appointed receivers on March 5, 1901, and this action was brought to recover an assessment made by the court under the authority of the policy issued to respondent. The answer set up as a defense that respondent had been induced to accept the policy upon the representation of the company that it was a joint stock, and not a mutual, insurance company, and that the policies of insurance were issued upon a cash plan, with no contingent liability in connection therewith. As a further defense, it was alleged that respondent had not been notified by the company or the district court of any intention to make such assessment, for which reason it was void; that there was no notice of the annual meetings printed on the back of the policy, and that respondent never in fact had any notice of any such meetings, and for that reason the policy was void. This answer was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled. The demurrer of course calls into question the validity of the complaint, and the cause was argued and submitted principally upon the ground, on behalf of respondent, that the complaint was insufficient.

The answer does not state a defense. So far as misrepresentations as to the nature of the policy are concerned, the policy spoke for itself, and contained the following provision:

> "The premium named in this policy shall be payable in cash or notes, as agreed upon, and, in addition thereto, the insured by the acceptance of this policy assumes an additional liability equal to the premium named in this policy, which shall be the full limit of liability of each policy holder."

This carried notice to the respondent that he was liable to be called upon to pay such an assessment, and the representations as to its being a stock, and not a mutual, policy, were not sufficient to constitute a fraud in inducing respondent to accept it. On the other hand, if there had been some misrepresentations as to the nature of the policy and its legal effect, respondent was put upon inquiry as to the authority of the company to make the assessment referred to, and he would not be permitted to retain the policy, accept its benefits, and afterwards, when the company became insolvent, raise the question of having been imposed upon. The policy was unquestionably valid during the time it was in force. Respondent would be permitted to recover upon it if an obligation had arisen in his favor, and if there was any ground for having the policy cancelled on account of fraud or misrepresentation he was required to act with reasonable expedition. In the absence of such a showing, the defense pleaded was not sufficient.

It does not appear by what authority or right the defendant was entitled to the notice of intention to levy the assessment. According to the complaint, an original assessment was made by the corporation before it passed into the hands of receivers, and a subsequent assessment was made by the court. In the absence of any statute or contract provision requiring such a notice to be given, it must be assumed that it is not necessary. Laws 1895, p. 409 (c. 175, § 37), provides that every policy holder shall be notified of the time and place of holding the annual meeting by written notice or by imprint upon the back of the policy, and such imprint or notice does not appear upon this policy, but we are unable to see in what manner the failure to give such notice would affect its validity. Respondent accepting the policy as it was, does not show that he was in any manner deceived by the absence of the notice, and does not disclose in what manner its absence affected his relation to the company as a policy holder.

It is argued that the complaint in this action is subject to the same objections which were sustained in the case of Dwinnell v. Kramer, 87 Minn. 392, 92 N. W. 227. In that case it was held that the standard policy then before the court was on its face no more than a stock policy, and that it did not notify the policy holder that

the company was in fact a mutual company, with authority, under its articles of incorporation and by-laws, to make an assessment; thus operating as a fraud upon the insured. The decision was not aimed at the power of the company or the court to make an assessment, but was based upon the proposition that there was not enough in the policy to notify the holder that it was not what it purported to be. But in the policy we are now considering there was an express provision authorizing the assessment as above set.forth, and the policy holder was immediately informed that he was liable to such an assessment, and, if he accepted and retained the policy, he could not question the authority of the company or of the court to enforce the assessment, even though such power did not appear in the policy. In this respect the two cases are essentially different, and the complaint states a cause of action.

Order reversed.