## Fuqua Bus Line v. Pink.

March 27, 1942.

S. H. Brown and Richardson & Redford for appellant.

William A. Young for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The Mutual Indemnity Company (hereinafter referred to as the company) was a corporation organized under the laws of New York and was engaged in automobile indemnity insurance. On January 1, 1937, it issued a policy to the Fuqua Bus Lines, which was terminated on Nov. 27, 1937, by the insolvency of the company. The earned premium on the policy was $1,381.86. Louis H. Pink, Superintendent of Insurance of the State of New York, was named as receiver of the company, and on Aug. 12, 1938, he mailed to the appellant notice of a 40% assessment made against all members of the company by the Supreme Court of New York. In the notice appellant was given ample time to show cause why it should not be held liable to pay such assessment.

An ancillary receiver was named for Kentucky by the Franklin Circuit Court and this action was brought by such receiver in that court against appellant on the New York assessment. Appellant's special demurrer to the jurisdiction and its general demurrer to the petition as amended seeking personal judgment against it on the New York assessment, were both overruled. Thereupon it filed answer.

The first paragraph of the answer is a traverse. The second paragraph pleads fraud by the officers and agents of the company in the procurement of the sale of the policy to appellant in that they knew the company was insolvent but represented it to be solvent; they further represented it was reinsured with Lloyds and that the policy was nonassessable; all of which was false but was relied upon by appellant. The third paragraph of the answer pleaded the assessment made by the New York court was void. The fourth paragraph pleaded the policy was issued in Kentucky and did not provide for an assessment, nor for a maximum contingent liability in conformity with Kentucky Statutes, Section 743a-14.

The court sustained a motion to strike these various pleas. Appellant refused to plead further and judgment

was entered for appellee for $560.51 on a stipulation of facts covering the allegations of the petition.

The first question for determination is, what was the legal effect on appellant of the assessment by the New York court? The answer appears in an annotation in 48 A. L. R. 669:

> "It seems well settled that a decree assessing stockholders of an insolvent corporation is conclusive against non-resident stockholders, although not served with process within the state in which it was rendered or made parties to the proceedings, in so far as the necessity for such decree and the amount of the assessment are concerned, to enter such decree, and its determination is conclusive as to such questions. Such stockholder is, however, not precluded from litigating any matter which bears upon the extent or duration of his stock holdings, or other personal defenses, such as payment, the Statute of limitations, applicable to his liability as distinguished for the liability of the corporation, and the like."

A few of the cases supporting the rule are Pink v. Town Taxi Co., Me., 21 A. (2d) 656; Pink v. A. A. A. Highway Express, 191 Ga. 502, 13 S. E. (2d) 337, 137 A. L. R. 934; Great Western Telegraph Co. v. Purdy, 162 U. S. 329, 16 S. Ct. 810, 40 L. Ed. 986; Pink v. A. A. A. Highway Express, 62 S. Ct. 241, 86 L. Ed. ....

At the end the policy is signed by the president and by the secretary of the Company. On the back of the policy appear three headings: "What To Do and What Not To Do in Case of Accident"; "Notice To Policyholders"; "Safety Code Reminders." Under the first and third headings there appear eight separately numbered paragraphs, while under the second heading there are three such paragraphs. Under the first heading advice is given about rendering aid, taking names and addresses of witnesses, noting the nature of damage, not to run away from an accident, etc. Under the third heading the insured is reminded to see that his brakes are in good order, to be alert in driving, to obey traffic regulations, etc. The second heading "Notice To Policyholders" reads:

> "1. The Insured is hereby notified that by virtue of this Policy he is a member of the Auto Mutual

Indemnity Company and is entitled to vote either in person or by proxy at any and all meetings of said company.

"2. The annual meetings are held at the Home Office of the Company in New York City on the Second Tuesday of January in each year, at twelve o'clock noon.

"3. The contingent liability of the named Insured under this Policy shall be limited to one year from the expiration or cancellation hereof and shall not exceed the limits provided by the Insurance Law of the State of New York or of the State in which the Insured is domiciled and/or this policy is written."

It is insisted by appellant that this notice is a part of the policy and through it the insured is made aware that he is a member of the Auto Mutual Indemnity Company, and is informed of his contingent liability as such member. The first paragraph of the policy reads:

"This Policy is issued in consideration of the payment of a premium and of the Declarations endorsed hereon or attached hereto in the form of endorsements, which are hereby made a part hereof, which Declarations the Insured, by acceptance of this Policy, warrants to be true, and in further consideration of the promise by the Insured to perform each term of this Policy on the Insured's part to be performed both before and after loss or damage."

But "The Notice to Policyholders" is neither a declaration nor an indorsement. The declarations are set out in the policy under the heading "Declarations," and there are no declarations or indorsements on the back of the policy. Funk and Wagnalls' New Standard Dictionary gives "endorse" and "indorse" as the same word, saying the latter spelling is preferable. It defines "indorse," "to write on the back of"; and "indorsement," "any writing on the back of a document." Therefore, this notice is not an indorsement on the policy, but is merely printed matter appearing on the back thereof between two headings unrelated to the insurance contract. While it might not have been so placed to hide it from the policyholder, its position is not such as to be calculated to attract his attention, and it easily could have been overlooked.

Even if this notice could be regarded as an indorsement, which it cannot, it would not be a part of the contract as no reference is made to it in the body of the policy; 14 R. C. L., Section 107, p. 933; 32 C. J., Section 269, p. 1159; Pink v. A. A. A. Highway Express, 191 Ga. 502, 13 S. E. (2d) 337, 137 A. L. R. 934. There is nothing in the policy to suggest to the policyholder that he was accepting a policy upon which he might be assessed. It contained no provision making the insured a member of the company, or making him liable for assessment. The fact that the company was designated "Mutual" in the policy does not necessarily signify the policyholders are members or subject to assessment. Pink v. A. A. A. Highway Express, 62 S. Ct. 241, 86 L. Ed. . . ..

Having arrived at the conclusion that the "Notice to Policyholders" was not a part of the insurance contract, and there being no provision in the policy making the policyholder a member of the company or making it liable for assessment, we hold appellant was not a member of the company and was not liable on the assessment made by the New York court.

The same question on policies identical with the one involved here was before the Supreme Court of Georgia in Pink v. A. A. A. Highway Express, 191 Ga. 502, 13 S. E. (2d) 337, 137 A. L. R. 934, and before the Supreme Court of Maine in Pink v. Town Taxi Company, Me., 21 A. (2d) 656, 659. We have reached the same decision as did the Georgia court. But the Maine court held that the notice was a part of the contract and the policyholder was a member of the company. It further held that regardless of the notice the policyholder was liable for the assessment on the ground that the "acceptance of an application for insurance in a strictly mutual insurance company makes the applicant a member of the company." The Maine opinion quotes from 21 Am. & End. Ency., 2d Ed., pages 264, 265:

"It follows from the very definition of mutual insurance that all who insure in a mutual insurance company are members of it, with all the rights and subject to all the liabilities of membership * * *."

We think the sounder rule was expressed by the Georgia court that the "Notice To Policyholders" was not a part of the contract, and that the policyholder did not ipso facto become a member of the company. There

is nothing in the record before us showing the company did not have authority to issue nonassessable policies.

> "Although the company was denominated 'mutual,' that term does not necessarily signify that policyholders are members or subject to assessment." Pink v. A. A. A. Highway Express, 62 S. Ct. 241, 246, 86 L. Ed. ....

Where the charter does not forbid, a mutual company may issue policies for a cash premium and to policyholders who do not become members. Greenlaw v. Aroostook County Patrons' Mut. Fire Ins. Co., 117 Me. 514, 105 A. 116, 117; New York Life Ins. Co. v. Street, Tex. Civ. App., 265 S. W. 397; Watts v. Equitable Mutual Life Ass'n, 111 Iowa 90, 82 N. W. 441; Lee v. Missouri State Life Ins. Co., Mo. App., 238 S. W. 858; Dwinnell v. Kramer, 87 Minn. 392, 92 N. W. 227.

The United States Supreme Court granted certiorari to the Georgia Supreme Court (313 U. S. 555, 61 S. Ct. 1096, 85 L. Ed. 1517), but the judgment was affirmed in Pink v. A. A. A. Highway Express, 62 S. Ct. 241, 246, 86 L. Ed. ..., where it was written:

> "Without the command of some constitutionally controlling statute, the Georgia court was free to interpret the obligation of the policy as limited to those stipulations expressed on its face and as excluding any stipulation for membership or for liability to assessment which the contract did not mention."

We have reached the conclusion that the appellant was not a member of the company and that the policy contained no assessment provision, and this makes it unnecessary to discuss questions raised by appellee's brief relative to the by-laws of the company and as to appellant being estopped by laches from pleading fraud in the procurement as a defense to the assessment. Such questions, as well as all others raised in both briefs, vanish when it is decided that appellant was not a member of the company and that the assessment was not binding on him.

The judgment is reversed with directions to the chancellor to dismiss appellee's petition.