30100.   GASTON *v.* KEEHN, receiver.

Decided June 8, 1943.

504

Alexander E. Wilson Jr., for plaintiff in error.

Gambrell & White, James S. Wilson Jr., contra.

SUTTON, J. (After stating the foregoing facts.) The question for decision is whether or not the defendant is bound by the proceedings in the Illinois courts. It is admitted that by accepting the policy and paying the premium the defendant became a member of the company, and as a member "he thereby assumed the obligations and liabilities of members as imposed by said policy," but it is contended that in so doing he was "not bound by the provisions of the by-laws or by the laws of Illinois, or assumed any obligations imposed by such by-laws, or such laws," and was not bound by the assessment made against him by order of the circuit court of Illinois. It is also admitted that Central Mutual Insurance Company of Chicago is a mutual insurance corporation, incorporated under the laws of the State of Illinois, and that all proceedings in that State with respect to the appointment of a receiver and the liquidation of the company by receivership were regular and in conformity to the laws of Illinois; but it is contended that the defendant, although a member of the corporation, is not bound by said proceedings, because he was not personally served, did not waive service, and did not personally appear therein, and to hold him bound by said proceedings would be to deprive him of his property without due process of law, in violation of the due-process clauses of the constitutions of the United States and of Georgia. Therefore the question is whether, under the provisions of the policy, membership in the insuring company, subjected the defendant to assessment in accordance with the law of the insuring company's domicile.

It might be well at this point to inquire into the nature of mutual insurance, and the rights and obligations of members of mutual insurance companies. It has been said that mutual insurance is a system of insurance by which the members of the association or company mutually insure each other. It is that form of insurance in which each person insured becomes a member of the company, and members reciprocally engage to indemnify each other against losses, any loss being met by an assessment laid on all members. 32 C. J. 1018, § 67. The charter or articles of incorporation are binding on its members, and the membership is usually composed of those who are insured in it. Id. 1022, §§ 70, 71. A mutual insurance company may be defined as a co-operative enterprise, wherein the members constitute both insurer and insured, and contribute, by a system of premiums or assessments, to the creation of a fund from which all losses and liabilities are paid, and wherein the profits are divided among themselves in proportion to their interests. 29 Am. Jur. 86, § 52; Penn Mutual Life Insurance Co. v. Lederer, 252 U. S. 523 (40 Sup. Ct. 397, 64 L. ed. 698); State v. Willett, 171 Ind. 296 (86 N. E. 68, 23 L. R. A. (N. S.) 197). The contract of insurance with a mutual company is a peculiar contract; for, although in terms a contract with a corporation, it is in substance a contract between the insured and all other members of the company. Mutual Life Insurance Co. v. Phinney, 178 U. S. 327 (20 Sup. Ct. 906, 44 L. ed. 1088). Members sustain a dual relationship toward each other. They are both insurers and insured. They contribute to the payment of losses, and are entitled proportionately to the profits made by the company. 29 Am. Jur. 88, § 57. Each member makes a contract not only with the company itself, but with each member thereof. Detroit Manufacturers &c. Insurance Co. v. Merrill, 101 Mich. 393, 69 N. W. 661. The contract of insurance is sometimes upon the idea of mutuality, by which each of the insured becomes one of the insurers, thereby becoming interested in the profits and liable for the losses. Code, § 56-1401. As we have said, it is admitted in this case that the company issuing the policy is a mutual insurance company, and that by the terms of the policy the defendant became a member of the company. The insolvency of the company, and the regularity of the proceedings in the Illinois courts whereby he was assessed a sum equal to the amount of the premium of his

policy for the payment of the liabilities of the company, are also admitted; but it is contended that by the terms of the contract of membership the defendant could not legally be so assessed in proceedings instituted against the company for that purpose in the courts of Illinois, unless he had been a party to such proceedings, and that since he was not a party, he has not had his day in court and is not bound by the proceedings. The defendant's obligations and liabilities as a member of the company are contractual. They spring from his policy, which was his contract with the company. The policy recites that it "embodies all agreements then existing between [the insured] and the company relating to the insurance described" therein. One of the agreements embodied in the policy is that in paying the premium and accepting the policy the insured thereby became a member of the company. Another is that his "contingent liability" as a member was limited to one time the premium of the policy. So that the total amount of the liability of the defendant as a member of the company, a mutual insurance corporation, was plainly and legibly written in the contract.

Is the defendant bound by the liquidation proceeding instituted in the State of Illinois against the company, and liable for the assessment made against him in that proceeding? In *Pink* v. *A. A. A. Highway Express*, 191 *Ga.* 502 (13 S. E. 2d, 337, 137 A. L. R. 934), it was sought, as in this case, to recover of residents of this state assessments levied in similar proceedings in the courts of the State of New York against members of a mutual insurance corporation of that State. Their policies, in many respects similar to the policy in this case, contained no provision making them members by acceptance of the policies; but each policy did contain a recital that it embodied all agreements relating to the insurance, as in this case. It was contended that the defendants were members, because they were policyholders. The case turned on the question whether or not the defendants were concluded by virtue of being policyholders on the question of membership, and as such liable to assessment. The court said: "Whether they were members or not was vital on the question of their liability to assessment. Their liability to assessment depends on whether or not they became members of the company. A person can not be made a member or stockholder of a corporation without his consent. 18

C. J. S., § 478, note 42, and cit. It was incumbent on the plaintiff to show that these defendants became members, in order to subject them to the payment of the assessment, the necessity for and the amount of which was determined by the decree of the court wherein the corporation had its domicile. As to this, all that is shown is that they purchased a policy in a mutual insurance corporation, organized under the laws of the State of New York, which laws provide that a policyholder is a member and liable to assessment. This is not sufficient." The court thereupon reached the conclusion that the defendants by merely accepting policies issued to them by a mutual insurance corporation did not thereby become members so as to subject themselves to assessment, and continuing said: "The next inquiry is this: Was there anything in their contracts with the company, to wit, the policies themselves, which constituted them members?" It was found that the policies by their terms embodied the entire contract between the company and the policyholders, and did not, as in the case at bar, contain any provision with respect to membership or contingent liability; and in that connection, after quoting from *Howard* v. *Glenn, 85 Ga.* 238 (11 S. E. 610, 21 Am. St. R. 156), as follows: "In the present case the main issue was whether the plaintiff in error was a subscriber to the stock of the National Express & Transportation Company. It was affirmatively alleged in the declaration that he was; and, if he was such subscriber, his liability under the facts of the case was clear and unmistakable:" the Supreme Court said: "So we may concede here that if the defendants were members of the corporation, they would be liable."

The case of *Lyle* v. *Keehn,* 195 *Ga.* 508 (24 S. E. 2d, 655), arose out of the same assessment proceedings in the Illinois courts as did this case, and involved similar policies. The issues, other than procedural, were the same in both cases. The Supreme Court, in holding that the petition was subject to demurrer on the ground that it contained a misjoinder of parties and causes of action, did not pass upon the merits of the controversy, but, in deciding that there was no common right to be established against the defendants, said: "In the case under consideration, questions of common interest to members of the company, relating to the necessity of an assessment, the appointment of a receiver, what per cent. each member would be assessed, etc., were settled by the proceeding in

Illinois." Citing People *v.* Central Mutual Insurance Co., 313 Ill. App. 84 (39 N. E. 2d, 400); *Pink* v. *A. A. A. Highway Express Inc.,* supra.

In the *Pink* case certiorari was granted by the Supreme Court of the United States, and on review the judgment was affirmed Pink *v.* A. A. A. Highway Express, 314 U. S. 201 (62 Sup. Ct. 241, 86 L. ed. 152, 137 A. L. R. 957). In the opinion, that court said: "Where a resident of one State has by stipulation or stock ownership become a member of a corporation or association of another, the State of his residence may have no such domestic interest in preventing him from fulfilling the obligations of membership as would admit of a restricted application of the full faith and credit clause. But it does have a legitimate interest in determining whether its residents have assented to membership obligations sought to be imposed on them by extrastate law to which they are not otherwise subject. The only basis for the imposition by New York of its command on the Georgia court and policyholders is the assumption by the latter of membership in the New York company. But this, in the circumstances of this case, depends upon the meaning and effect of all the provisions appearing on the policies with respect to the assumption of membership, which is for Georgia to determine. It is a familiar rule that those who become stockholders in a corporation subject themselves to liability for assessment when made in conformity to the statutes of the state of its organization, although they are not made parties to the proceeding for levying it." After citing a number of cases in support of the rule, the court continued: "Whether we support these legal consequences by reference to consent of the stockholder or to his assumption of a corporate relationship subject to the regulatory power of the State of incorporation, in either case the procedure conforms to accepted principles, involves no want of due process, and is entitled to full faith and credit so far as the necessity and amount of the assessment are concerned. See Christopher *v.* Brusselback, 302 U. S. 500, 82 L. ed. 388, 58 S. Ct. 350, and cases cited. The like principle has been consistently applied to mutual insurance associations, where the fact that the policyholders were members was not contested."

It appears from the petition that the assessment period was from January 2, 1935, to January 11, 1937, and that the period of de-

fendant's policy was from March 25, 1935, to January 19, 1936, at which time, under the company's by-laws, his membership automatically ceased; and the defendant contends that if he was at any time liable to assessment, his liability "terminated with the expiration of his policy prior to the levy of the assessment against him," and that if he "had been subject to assessment in some amount, he should only have been held liable for a proportionate part of the liabilities incurred by the company during the time he was a policyholder." With the termination of his policy the defendant's rights and liabilities as a member likewise terminated in so far as all future debts of the company were concerned, and he was not liable to assessment for losses occurring after he had ceased to be a member. However, it seems to be well established that the termination of the policy does not terminate the liability of the member holder to assessment until all debts of the company arising during the term of his membership have been satisfied. So far as assessment liability is concerned, a member continues to be liable as a member until all of such debts have been paid. 29 Am. Jur. 370, § 440; 32 C. J. 1226, 1227, §§ 390, 391; Selig v. Hamilton, 234 U. S. 652 (34 Sup. Ct. 926, 58 L. ed. 1518); Mallon v. Longworth, 70 Ill. App. 376. The petition alleged that the company had outstanding liabilities in excess of assets far in excess of the amount of the assessment against the defendant which originated during the term of the policy issued to him; and this allegation was admitted. Furthermore, we are of the opinion that the Illinois court had jurisdiction of all members of the company, whether past or present, subject to membership liability; and having exercised that jurisdiction, that court's judgment establishing the assessment likewise establishes the existence of the indebtedness which made the assessment necessary, and on this matter the defendant is concluded by that court's decision in the matter. See Selig v. Hamilton, supra. See also Broderick v. Rosner, 294 U. S. 629 (55 Sup. Ct. 589, 79 L. ed. 1100, 100 A. L. R. 1133). On the question of the conclusiveness of a decree assessing stockholders of an insolvent corporation as against non-resident stockholder not personally served within the State in which the decree was rendered, see notes in 48 A. L. R. 669, 97 A. L. R. 690.

We therefore reach the conclusion, and so hold, that a resident of this State, in accepting a policy of insurance issued to him by a

510

mutual insurance corporation of another State, by the terms of which he becomes a member of the corporation, thereby subjects himself to the liabilities imposed upon its members by the laws of the domiciliary state; that when a court of the domiciliary state of an insolvent mutual insurance corporation, having jurisdiction thereof, proceeds according to the applicable statutes to determine the necessity for and the amount of an assessment against its members, such proceedings are conclusive as to the necessity for and the amount of the assessment, when asserted against a non-resident policyholder who, by the express terms of his policy, became a member of the corporation, although he was not made a party to said proceedings; and that an assessment levied by court order upon members of said corporation in conformity to the statutes of the State of its organization against non-resident members who are not parties to the proceeding, involves no want of due process, and is entitled to full faith and credit so far as the necessity and amount of the assessment are concerned. It being admitted that the insurance company in this case is a mutual insurance corporation domiciled in the State of Illinois, and that in accepting the policy and paying the premium the defendant became a member of the corporation, and as a member thereof he thereby assumed all obligations and liabilities imposed upon him by his policy, under the law and the facts of the case, there being no defense of a personal nature interposed, the court did not err in overruling the demurrer and in entering judgment for the plaintiff.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*