### KEEHN v. PARRISH DRAY LINE et al.

### No. 5274.

Circuit Court of Appeals, Fourth Circuit.

Nov. 4, 1944.

S. Augustus Black and William L. Cain, both of Columbia, S. C. (Beckman, Healy, Reid & Hough, of Chicago, Ill., and Thomas, Cain & Black, of Columbia, S. C., on the brief), for appellant.

Robert McC. Figg, Jr., of Charleston, S. C., and John D. Lee, of Sumter, S. C. (Lee & Moise, of Sumter, S. C., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The statutory receiver of Central Mutual Insurance Company of Chicago brought this suit against certain policy holders in South Carolina to recover an assessment levied against the policy holders of the company generally in liquidation proceedings in the Circuit Court of Cook County, Illinois. The defendants moved to dismiss the complaint on the ground that it did not state a claim upon which relief could be granted, and the District Judge dismissed the complaint as he was of opinion that the policies, when read in the light of the South Carolina statutes and decisions, disclosed no liability for assessment on the part of the defendants.

It was determined by the decree in the Illinois suit that a 100 per cent assessment against the policy holders, limited by their policies to one time the premiums named therein, was needed to meet the company's obligations. This adjudication was conclusive upon all the policy holders as to the necessity and amount of the assessment, as we held in the suit of the same receiver against a North Carolina policy holder of the company in Miller v. Barnwell Bros., Inc., 4 Cir., 137 F.2d 257. The defendants in the pending suit are bound to the same extent by the Illinois decree, but no further, since they were not parties to the Illinois suit; and as the policies were issued and delivered in South Carolina by a local agent of the company, it is conceded that they should be treated as South Carolina contracts and should be governed by the statutes and decisions of the State. Consequently it is still open to the defendants to show that under the South Carolina law they are not members of the company and are not obliged to pay the assessment which the Illinois court decreed. See Pink v. A. A. A. Highway Express, 314 U.S. 201, 62 S.Ct. 241, 86 L.Ed. 152, 137 A.L.R. 957; Cantey, Admn. v. Philadelphia Life Ins. Co., 166 S.C. 181, 164 S.E. 609. It becomes necessary, therefore, to examine the provisions of a typical policy in suit in the light of the South Carolina law in order to pass on the correctness of the decision of the District Court.

The face of the policy shows that it is issued subject to the printed conditions of the policy; that the insurance is against only such perils and coverages named in the schedule as are indicated by a specific premium set opposite thereto; and that the insurance shall be subject to all the applicable terms, limits and conditions of the policy. There is appended a statement of the perils and coverages insured against, and the respective specific premiums charged therefor, which are summed up at the bottom of the schedule opposite the words "total premium". The property insured consists of certain described automobile vehicles. It is further stated that in consideration of the premium mentioned the assured is insured, to an amount not exceeding the value of the described property or the stated limits of liability, against the specific perils insured against.

The perils are then defined at length; and it is provided, among other things, that the insurance is extended to conform with the provisions of the Motor Vehicle Fi-

nancial Responsibility Law of the State in which the described automobile is registered, provided that the assured shall reimburse the company for any payment made by the company under the policy, which payment the company would not have been obligated to pay except for the agreement contained in this paragraph.

The policy also contains on the fourth page a printed list of general conditions. At the end of the list the obligations of the company in case of its bankruptcy are described, and immediately thereafter appears the following paragraph:

"The contingent liability of the assured hereunder is limited to one time the premium named herein and no more. The assured is given and hereby accepts notice that by virtue of this policy he is a member of the Central Mutual Insurance Company of Chicago, and that the annual meetings of the company are held at its home office at Chicago, Illinois, the first Tuesday following the second Monday of February in each year."

The general conditions also provide, amongst other things, that all provisions of the policy in conflict with the statutes of the state of issue are declared to be amended to conform to such statutes and that with respect to any additional liability which the company accepts by reason of any policy which may be filed with the proper department of the state to comply with the law or regulations thereof, it is agreed that the assured shall reimburse the company for any loss or expenses incurred by the company which it would not be obliged to pay independently of the obligations imposed by the law or regulations of the state.

Article 5 of the South Carolina Code of 1942 relates to Mutual Insurance and Mutual Aid Associations. Section 8103 thereof admits any mutual insurance company organized outside of the state and authorized to transact business on the mutual plan in any state, to do business in South Carolina, subject to the approval of the State Insurance Commissioner, upon complying with certain requirements.

Section 8104 provides as follows:

"Subject to State laws.—Every mutual insurance company, whether organized within or without this State, shall be subject to all the provisions of law relating to policy forms, the supervision of rates, prohibition of discrimination and rebates, annual reports, reserves, taxes and fees, and shall make its annual report in such form and submit to such examinations and furnish such information as may be required by the insurance commissioner. As far as practicable such examination of mutual insurance companies organized outside of this State shall be made in cooperation with the insurance commissioner."

Section 8097 requires the premium payable by a member of a mutual company to be set out in the policy, as follows:

"Maximum premiums.—The maximum premium payable by any member shall be expressed in the policy or in the application for the insurance. Such maximum premium may be a cash premium and an additional contingent premium not less than the cash premium, or may be solely a cash premium with no contingent premium or liability to assessment in any event. No policy shall be issued for a cash premium without an additional contingent premium unless the company has a surplus which is not less in amount than the capital stock required of domestic stock insurance companies transacting the same kind of insurance."

Applying these statutes to the facts of the case, the District Judge reached the conclusion that no liability to pay the assessment rested upon the defendant policy holder because it was not expressed in the policy. He pointed out that Section 8097 requires that the maximum premium payable by any member shall be expressed in the policy, either as a cash premium and an additional contingent premium not less than the cash premium, or solely as a cash premium with no contingent premium or liability to assessment; and he held that while the policy in suit states the amount of the total premium in dollars on the first page, it contains no statement that any additional cash premium is or may be due by the assured, or any agreement by the assured to pay more premium than the cash premium. He held the general condition of the policy relating to the contingent liability of the assured, quoted above, does not constitute an agreement to pay an additional premium since it is not printed on the first page of the policy in connection with the statement of the premium, but on the fourth page as the last of the general conditions, and does not give any indication that it deals with the subject of the premium or is intended to provide for the payment of a premium additional to the total premium. He suggested that the term "contingent liability" might refer to

the two promises of the assured above mentioned to reimburse the company for payments which under certain contingencies it might be called upon to make under the laws of the policy holder's state. In any event he held that the most that could be said on behalf of the plaintiff is that the language of the policy in respect to contingent liability is provocative of doubt which, under the familiar rule, must be resolved in the policy holder's favor.

We do not think that the South Carolina law requires an interpretation of the contract which will enable South Carolina policy holders to escape the assessment which policy holders of other states are compelled to pay. It seems to us quite clear that the general conditions of the policy in which the contingent liability of the policy holder is described are part of the policy by the very terms of the contract. They are expressly referred to and incorporated in the policy on the first page where the amount of the total premium is set out. The paragraph on the fourth page calls the attention of the policy holder to the possibility of the bankruptcy or insolvency of the company and notifies him that he is a member of the insurance company with a contingent liability limited to one time the premium named in the contract. Obviously this contingent liability refers to the obligation which the assured incurs as a member of the company in case it is unable to pay its debts. It is in addition to the total premium stated on the first page of the policy; and the combination of the two premiums constitutes the maximum premium for which the statute provides when it authorizes a form of policy that imposes upon the members of a mutual company the obligation to share the losses of other members when the company is delinquent. The contingent liability clause in the policy in suit has no reference to the obligations which the policy holder assumes in other parts of the contract to reimburse the company for losses or expenses which it may be called upon to meet as the result of assuming obligations not included in the stated perils or coverages of the policy but derived from the provisions of the statutes of the State.

The case differs from that before the court in Pink v. A. A. A. Highway Express, 191 Ga. 502, 13 S.E.2d 337, affirmed in 314 U.S. 201, 62 S.Ct. 241, 86 L.Ed. 152, 137 A.L.R. 957, upon which the appellee in the pending case chiefly relies. There the only reference to the policy holder's contingent liability or membership in the company was contained in a notice on the back of the policy which the Georgia court held was specifically excluded from the contract of insurance by its terms. Indeed that case was distinguished in the later case of Gaston v. Keehn, 69 Ga.App. 500, 26 S.E.2d 107, where a Georgia policy holder was held liable at the suit of the statutory receiver of Central Mutual Insurance Company of Chicago, plaintiff in the instant case, for an assessment upon a policy similar to that here involved. See also, Pink v. Town Taxi Co., 138 Me. 44, 21 A.2d 656.

The complaint should not have been dismissed and the judgment of the District Court must therefore be reversed and the case remanded for further proceedings.

Reversed and remanded.