(1) MELSON *v.* THE PHENIX INSURANCE COMPANY OF
BROOKLYN.

(2) MARIL *v.* THE HOME INSURANCE COMPANY OF NEW
ORLEANS.

1. It being stipulated in a policy of insurance that no action
thereon should be sustainable against the insurance company
unless commenced within twelve months next after a loss
should occur, an action brought after the lapse of that period
was barred, although it purported on its face to have been a
renewal of a previous action which was instituted within the
time limited, and to have been brought within six months after
the granting of a nonsuit in the first action.

February 7, 1896.

2. This case is controlled by the decision of this court in *Melson v.*
*Phenix Insurance Co.*, recently decided, which, upon a review
thereof, is affirmed.

March 16, 1896.   Argued at the last term.

Actions on insurance policies.   (1) Before Judge Clark.
Clayton superior court.   March term, 1895.

(2) Before Judge MacDonell.   City court of Savannah.
July term, 1895.

(1) *J. S. Boynton, C. W. Hodnett* and *J. B. Hutcheson,*
for plaintiff.   *Glenn, Slaton & Phillips*, for defendant.

(2) *Garrard, Meldrim & Newman*, for plaintiff.
*Denmark & Adams*, for defendant.

LUMPKIN, Justice.

These were actions against fire insurance companies.   In
the first case, the policy contained a stipulation that no suit
or action thereon should be sustainable against the company
"unless such suit or action shall be commenced within
twelve months next after the loss shall occur."   The policy
sued on in the second case stipulated that no suit or action
thereon should be sustainable "unless commenced within
twelve months next after the fire."   In each case, an action
was in fact begun within the time limited by the policy, a

nonsuit granted, and a new action brought within six months from the rendition of the judgment of nonsuit, but after the expiration of the specified twelve months. The two cases stand upon substantially the same footing and involve the same question, viz: Is a second action upon such a policy, commenced after the lapse of the period therein mentioned, in renewal of a previous action duly brought, barred, when the second action is begun within six months of the granting of a nonsuit in the first?

This court has decided that a contract limitation upon the right to sue, fixing a shorter period than that allowed by statute, is lawful, "provided the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way." *Brown* v. *Savannah Mutual Ins. Co.*, 24 *Ga.* 97, in which a six months limitation was sustained; *Underwriters' Agency* v. *Sutherlin*, 55 *Ga.* 266, where the limitation was twelve months. See, also, Virginia &c. Ins. Co. *v.* Wells, 83 Va. 736. Section 2932 of the code, which gives a plaintiff who is nonsuited the right to renew his action within six months, has no application. It is only a part of the law of limitations; and where the parties, by agreement, make a fixed and unqualified limitation for themselves, they abandon all the legal regulations on the subject, and consequently must stand upon their contract as written. Where a party binds himself absolutely to sue within twelve months, or not at all, it would be a radical and material departure from the contract to allow such a variance from its plain terms as would have resulted from a proviso declaring that a suit brought within that time might be renewed within six months, in case of nonsuit. To subject the rule of the contract—which has taken the place of the rule of the law—to an exception like this would, in our judgment, be totally unwarranted. When the plaintiffs in these cases waived the right to rely upon the law of limitations, they waived everything which any part of the law on the subject provided for their benefit.

It was earnestly argued that these policies contained other stipulations requiring many things at the hands of the insured as prerequisites to the right to sue, which, in effect, rendered the twelve months limitation unreasonable, for the reason that, in certain contingencies, this period would actually expire before the insured could do all that was incumbent upon him before, under the terms of his policy, he could bring an action. So far as the present cases are concerned, it is a sufficient answer to this contention to say that in each the action was begun within the twelve months, and it is therefore clear that neither policy contained anything creating an insurmountable obstacle to so doing. If, in a given case, there should be in a policy stipulations which, in their practical operation, rendered the limitations therein provided for so unreasonable as to cause imposition upon or undue hardship to the insured, the matter might present a different aspect; but no question of this kind is now before us.

The leading case of Riddlesbarger v. Hartford Ins. Co., 7 Wall. 386, is exactly in point. It was there held, that the stipulation in the policy as to limitation was not against the policy of the statute of limitations, and was valid; and also, that: "The action mentioned in the condition which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case; although such previous action was commenced within the period prescribed." This case was decided with reference to a Missouri statute which allows one who "suffers a nonsuit" to renew the action within one year afterwards.

In McElroy v. Continental Ins. Co. of New York, 29 Pac. Rep. 478, the policy stipulated that no action upon it should be sustainable "unless commenced within twelve months next ensuing after the fire"; and it was held that neither the statutes of limitations of Kansas nor their exceptions had any application to the conventional limitation

prescribed by the policy. The plaintiff brought his first action in time; and though it was dismissed "without prejudice to a further action," the second suit, commenced more than one year after the fire, was held to be too late.

The case of Arthur v. Homestead Fire Ins. Co., 78 N. Y. 465, which is quite similar as to its facts, and which has been often cited, supports the rule for which we are contending. It is thus stated in Wilson v. Ætna Ins. Co., 27 Vt. (1 Williams), 99: "A stipulation in a policy of insurance that no action shall be sustainable, unless commenced within twelve months after the loss, is binding, and bars a suit commenced after that time, even though a prior suit was commenced within the twelve months and failed, without fault on the part of the plaintiff." This opinion was delivered by the eminent Chief Justice Redfield. See, also, Howard Ins. Co. v. Hocking, 18 Atlantic Rep. (Penn.), 614, 130 Pa. St. 170; McFarland & Steele v. Ætna &c. Ins. Co., 6 W. Va. 437; Fullam v. N. Y. Union Ins. Co., 7 Gray, 61; all of which are pertinent. It would not be difficult to extend this list.

The text-writers below cited are upon the same line. Referring to actions like those now in hand, it is said in 2 May on Insurance (§483): "Nor can such suit, brought after the expiration of the time limited, although a prior suit brought within the limited period may have been nonsuited, or judgment thereon arrested, be maintained. The condition is without exception, and the exceptions of statutes of limitations cannot be imported into it by the court." The following is taken from Ostrander on Fire Ins. §291: "Where suit is commenced within the time provided in the policy and afterwards discontinued for any reason and a second suit brought after the expiration of the time, the bringing of the first suit within the term will not save the second one from being barred."

The decision in Burton v. Buckeye Ins. Co., 26 Ohio St. 467, does not support the contention of the plaintiffs in

error.    What was done in that case amounted to no more than allowing an amendment of the original summons, which was defective, the effect being to keep in court the case first brought, and not to allow the bringing of another suit.

In 2 Wood's Fire Ins., §467, it is said that:    "An action is deemed to be commenced when the summons or writ is issued; consequently, if an action is *commenced* within the time limited, the assured's rights are preserved, even though, by reasonable diligence, the assured fails to obtain service thereof upon the insurer."    This is not inconsistent with our ruling in the case before us; and while the case of Peoria M. & F. Ins. Co. *v.* Hall, 12 Mich. 202, which the author cites, supports the text to the extent of the language above quoted, it is not authority for the proposition that an entirely new action could be brought against the insurance company after the expiration of the conventional limitation. In that case, the summons or writ was issued *before* the twelve months had elapsed, but was not served within the twelve months, because the defendant could not be found. The court simply held that the action had been *commenced* by the filing of the original writ.    To the same effect is the case of Schroeder *v.* M. & M. Ins. Co., 104 Ill. 71.    Mr. Wood cites no decision, save that rendered in Madison Ins. Co. *v.* Fellows, 1 Dis. (Ohio Sup. Ct.) 217, which seems to directly sustain his view announced in the same section on pages 1026 and 1027, that the ruling in the Vermont case (Wilson *v.* Ætna Ins. Co., *supra*) "is not believed to be sound doctrine, either upon the score of morality, justice or fair construction; and the doctrine of the Michigan case commends itself most favorably, and expresses the best and soundest rule."    We cannot assent to the correctness of the decision, or accept the author's conclusion.

In Rosenbaum *et al. v.* Council Bluffs Ins. Co., 37 Fed. Rep. 7, the effect of the court's action was merely to keep in force the original action; and practically the same thing

was accomplished in Jacobs v. St. Paul F. & M. Ins. Co. (Iowa), 53 N. W. Rep. 101, though the latter case bears a little more strongly than the former in favor of the contention of the plaintiffs in error.    There are, doubtless, other cases tending more or less in the same direction; but the soundness of the rule laid down in the Riddlesbarger case is established by the decided weight of reason and authority.    Some of the cases endeavor to make a distinction between the effect of stipulations requiring the action to be brought within the fixed period "after loss," and those in which the words "after the fire," or "after the claim shall accrue," are used.    If any such distinction exists at all, it is immaterial, so far as relates to the two cases with which we are now dealing.    Both of them are controlled by the well settled rule stated by Mr. Justice Jackson in the case of Imperial Fire Ins. Co. v. Coos County, 151 U. S. 463, which (though not similar as to its facts) rests upon the principle that "contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense."    After thus arriving at the true meaning of an insurance contract, the duty of the courts to enforce it accordingly is not to be questioned.                    *Judgment in each case affirmed.*