## 55650. HATFIELD et al. v. TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA.

MCMURRAY, Judge.

Prior to October 1, 1974, Lake Ridge, Ltd., a partnership, made application for a loan with Teachers Insurance & Annuity Association of America, a New York corporation, for a loan to be secured by a first lien on real property known as Lake Ridge Office Park, Gwinnett County, Georgia. A loan commitment was given whereby Teachers committed to loan the sum of $1,275,000 contingent upon certain terms and conditions. The agreement was accepted on October 10, 1974 by Lake Ridge, Ltd. by the signature of Robert N. Hatfield, Jr., as "general partner." The commitment provided expressly as a mutual covenant that it "is delivered and is intended to be performed in the State of New York and shall be construed in accordance with the laws of said State, except that as to the legality of the said interest rate, the laws of

the state of the situs of the said property shall govern. Upon compliance with all of the covenants and conditions herein, payment of the loan proceeds will be made at or from our office in New York City."

The commitment provided for the disbursement of $1,020,000, "upon completion of construction and compliance on or before January 30, 1976, with all of the terms and conditions herein," except in certain particulars therein set out. The date of January 30, 1976, was later amended by mutual agreement to April 30, 1976. It also contained among other conditions the following obligation of Teachers: "Our approval of a current appraisal of said property prepared by an appraiser designated by us."

The conditions also provided that Teachers' obligations shall become effective after acceptance, "upon payment by you of the sum of $12,750 and upon delivery by you of an acceptable Letter of Credit in the amount of $12,750 payable upon demand to our order." Due compliance by Lake Ridge, Ltd. with all of the covenants and conditions of the commitment were to be performed, "on or before January 31, 1976," unless otherwise extended as stated in paragraph 11 of the conditions. The following condition was also found therein: "In the event of our disapproval of the appraisal required herein, or of our incapacity to comply with any applicable law or governmental regulation, then in such event our sole liability shall be to return to you the said Letter of Credit and to refund the sum of $12,750 paid hereunder and thereupon this agreement shall become null and void." We also find the following thereafter: "In the event you fail to comply with any of the other covenants and conditions herein on or before January 31, 1976 . . . (. . . subject to the excusable delays . . .) . . . and without fault on our part, then we shall have the right (i) to retain so much of the amount paid hereunder and not previously returned, to receive payment on the Letter of Credit also delivered hereunder, and, in addition to claim and receive all provable damages . . ."

The agreement or commitment was twice amended. Teachers was paid the $12,750 and it was forwarded an acceptable letter of credit in the amount of $12,750

payable upon demand to Teachers' order. Lake Ridge was required by amendment to perform all conditions and covenants on or before April 30, 1976. Likewise, Teachers was required to disburse the amount of $1,020,000 upon completion of construction and compliance on or before April 30, 1976. The loan was later changed to a disbursement of two loans and notes of $637,500 each covering the subject property.

The main features of the commitment with which we are involved here are that in the event of Teachers' disapproval of the appraisal on or before April 30, 1976, the agreement was to become null and void, and the letter of credit returned and the $12,750 refunded. Conversely, if Lake Ridge, Ltd. failed to comply on or before April 30, 1976, with any of the stated covenants and conditions without fault on Teachers' part, Teachers contends it would have the right to retain so much of the $12,750 not previously returned and receive payment on the letter of credit.

On May 17, 1976, Robert N. Hatfield, individually and doing business as Lake Ridge, Ltd., sued Teachers Insurance & Annuity Association of America as a nonresident foreign corporation doing business in the State of Georgia seeking in three counts the return of the sum of $12,750 and the letter of credit. In Count 1, plaintiffs contend: "[D]efendant's obligations thereunder were subject to defendant's approval on or before April 30, 1976 of a current appraisal of the property prepared by an appraiser designed [sic] by defendant." No such appraisal was approved by defendant "on or before April 30, 1976," and defendant was required to return the letter of credit and refund said $12,750, the agreement thereupon to become "null and void." In Count 2 the alleged agreement was declared to be invalid for lack of mutuality and plaintiffs are entitled to the return of the $12,750 and the letter of credit. In Count 3 plaintiffs allege the agreement to be "otherwise void," and plaintiffs are entitled to the return of the letter of credit and the $12,750.

Service was thereafter established by the use of the Long Arm Statute, and defendant answered, denying the claim and setting up such defenses as lack of personal jurisdiction, improper venue, plaintiffs had breached the

contract instead of the defendant, admitting, however, it was a nonresident foreign corporation but denying it was personally or through its agents transacting business within the State of Georgia. It admitted receipt of the $12,750 and the letter of credit drawn on the Trust Company Bank for $12,750. It further contends it has not disapproved the appraisal nor terminated the agreement in any way but rather it is the plaintiffs who have failed to comply with the terms of the agreement and that it is entitled to collect on the letter of credit drawn on the Trust Company Bank. However, it also contends plaintiffs filed an action against the Trust Company Bank and "have obtained an injunction preventing the Trust Company Bank from funding the letter of credit, said suit being totally without merit."

The suit referred to above was one for declaratory judgment brought by the plaintiffs against the Trust Company Bank. The defendant herein intervened in that case, and later the two cases were consolidated, and the injunction was later dissolved. The declaratory judgment proceeding has since been dismissed, and we are no longer concerned with the declaratory judgment litigation here.

Plaintiffs filed a motion for summary judgment based upon the affidavit of Robert N. Hatfield showing execution of the agreement on or about October 10, 1974, payment of the $12,750 and the giving of a letter of credit drawn on the Trust Company Bank for the additional amount of $12,750 and referring to paragraph 11 of the agreement whereby defendant's obligations to the plaintiff (Lake Ridge, Ltd., a partnership) were subject to defendant's approval on or before April 30, 1976 of a current appraisal of the subject property prepared by an appraiser designated by the defendant. The affiant further deposed: "No such appraisal was ever approved by the Defendant on or before April 30, 1976, and the requirement of said condition was not met or waived by the Plaintiff. Defendant, to this date, has not returned to Plaintiffs said letter of credit or the $12,750.00 described herein."

The affidavit of the defendant's appraisal officer was then submitted setting forth certain facts including the following: "Teachers Insurance and Annuity Association

of America engaged James D. Landauer Associates, Inc. of Atlanta, Georgia, to make an appraisal of said real property. On February 28, 1975 the appraisal was delivered to . . . [Teachers] . . . and established a value of said real property of $1,700,000.00 upon completion of construction of the improvements on said real property and occupancy thereof at projected rentals." He also deposed therein that due to a substantial change in the nature of the proposed loan that this prompted "a need for a further reconsideration of the appraisal and possibly even a re-appraisal of said real property as divided into two parcels. In the meantime, your deponent was informed that plaintiff Lake Ridge, Ltd. was experiencing difficulties in the construction financing and development of said real property and perhaps would not be in the position to comply with the terms and conditions of the Commitment Letter." He further deposed that he had never made any statement, declaration or assertion to plaintiff Lake Ridge, Ltd. or any of its employees or agents, "that the appraisal as received was unacceptable to defendant Teachers Insurance and Annuity Association of America or could not serve as a basis for the making of the proposed loan."

Defendant then moved for summary judgment relying upon the pleadings, the affidavit of its appraisal officer and the deposition of Hatfield taken on July 19, 1977.

Plaintiffs' motion for summary judgment was thereafter denied on the 25th of August, 1977, and the court ordered "that New York law shall govern the construction, interpretation, and validity of the subject contract."

Subsequently, plaintiffs filed an additional affidavit of Robert N. Hatfield in the case with particularity as to plaintiffs' dealings with Adair Mortgage Company, defendant's agent in Atlanta, with reference to the negotiations concerning the commitment. Further, in response to defendant's motion for summary judgment, plaintiffs relied upon the pleadings filed in this case, the affidavit of Robert N. Hatfield, and the deposition of Robert N. Hatfield taken on July 19, 1977. While both parties have requested consideration of the deposition of

Hatfield taken on July 19, 1977, it is noted that the seal was not broken by the clerk until he was authorized to do so by the court on the 21st of February, 1978, which was shortly before the record was prepared to be transferred to this court (filed in this court on March 8, 1978).

Defendant's motion for summary judgment came on regularly for hearing and argument, and the trial court, by order dated October 19, 1977 and filed October 20, 1977, again ordered "that New York law shall govern the construction interpretation, and validity of the subject contract and that Defendant Teachers Insurance and Annuity Association of America's Motion for Summary Judgment is hereby granted." Plaintiffs appeal. *Held:*

1. Clearly, the entire contract was not to be performed in New York, although payment was to be made on the proposed loan in New York *as well as the approval of the appraiser* even though the parties agreed it was "intended to be performed in the State of New York."

Consequently, as to the validity of the contract in this litigation, we may pass on same as to its performance in this state. See *Fimian v. Guy F. Atkinson Co.,* 209 Ga. 113 (2) (70 SE2d 762); *Pink v. A. A. A. Hwy. Express,* 191 Ga. 502, 514 (13 SE2d 337).

2. Contracts requiring that one party's performance be satisfactory to him in the exercise of an honest judgment have been almost universally upheld as not lacking in mutuality. See *Commercial Mtg. &c. Corp. v. Greenwich Savings Bank,* 112 Ga. App. 388, 390-392 (145 SE2d 249); *Carasik Group v. City of Atlanta,* 146 Ga. App. 211. Of course, as in the present case, such party's satisfaction as to the terms and conditions are not left to its unfettered control and discretion but must be exercised in good faith. See *Carasik Group v. City of Atlanta,* supra; Boston Road Shopping Center v. Teachers Ins. & Annuity Assn. of America (213 NYS2d 522, 525 (2)); Lee v. Joseph E. Seagram & Sons, 413 FSupp. 693, 698; Vineyard v. Martin, 29 NYS2d 935, 938 (3-5); Wood v. Lucy, Lady Duff-Gordon, 222 N. Y. 88 (118 NE 214). It cannot be said the contract here was lacking in mutuality.

3. The parties having agreed that the contract (commitment letter as amended) is delivered and intended to be performed in New York, and "shall be

construed in accordance with the laws" of the State of New York, the trial court did not err in its order so stating except insofar as the validity of said contract which may be determined in this state as well as the mode of performance which shall be according to the law in the place of its performance (partly in the State of Georgia). See *Fimian v. Guy F. Atkinson Co.*, 209 Ga. 113 (2), supra.

4. Plaintiffs contend that the contract required the defendant corporation to obtain an appraisal prepared by an appraiser designated by it and approval of such property was to be made from that appraisal; and no such appraisal was ever approved, "on or before April 30, 1976," as the deponent set forth in the affidavit of Robert N. Hatfield in support of plaintiffs' motion for summary judgment. The defendant by affidavit replied that it obtained an appraisal on the property, but its deponent does not depose that this appraisal was approved by it. Instead, the affidavit implies that because of changes requested by plaintiffs an additional appraisal was necessary. Again, the evidence fails to disclose that such additional appraisal was ever made and approved. Accordingly, so much of the trial court's order granting defendant's motion for summary judgment, because no genuine issue as to any material fact remains and it is entitled to a judgment as a matter of law, is erroneous. There is conflicting testimony by affidavit as to whether or not the defendant approved an appraisal on or before April 30, 1976, thus making an issue of fact for jury determination as to which of the parties breached the contract. The evidence must be construed most strongly in favor of the party opposing the motion (in this instance the plaintiffs). *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *Raven v. Dodd's Auto Sales &c., Inc.*, 117 Ga. App. 416, 420 (1) (160 SE2d 633).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Webb, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED JUNE 23, 1978 — REHEARING DENIED JULY 13, 1978 —

*Troutman, Sanders, Lockerman & Ashmore,*

*William G. Vance, Andrew J. Hinton, Frederick E. Link,* for appellants.

*Heyman & Sizemore, Patrick L. Swindall, William B. Brown, William H. Major,* for appellee.