## 66377. GENERAL ELECTRIC CREDIT CORPORATION v. HOME INDEMNITY COMPANY.

QUILLIAN, Presiding Judge.

Plaintiff, the named lienholder in a loss payable endorsement forming a part of an insurance contract covering certain property owned by the named insured, brought this action on the insurance contract and in tort against the defendant insurance company, for losses to property covered by the insurance contract. By an amendment to its answer, defendant raised the defense that plaintiff's complaint is barred by a term in the insurance contract requiring that suit be brought within 12 months of the loss.

Defendant filed a motion for summary judgment based on the bar of the 12-month contractual limitation. Plaintiff responded to the motion by briefs, affidavit and exhibits in order to show that the insurance contract was made, issued and delivered in a sister state (either Alabama or Florida) between parties located in a sister state to cover property located in a sister state. Plaintiff contended that since the contract was made in a sister state and there were no significant contacts with the State of Georgia, the law of the sister state controls to determine the validity of the 12-month term of

limitation in the insurance contract.

In support of this argument, plaintiff referenced the law of Alabama and Florida, which hold that such a term in the insurance contract requiring that the suit be brought within 12 months of the loss is invalid in those states. Both Alabama and Florida have statutes that invalidate any term in a contract that attempts to shorten the applicable statute of limitation for bringing suit. Accordingly, plaintiff contended that the the 12-month term in the insurance contract was invalid where the contract was made, and suit was timely brought within the applicable state statute of limitation.

The trial court granted the defendant's motion for summary judgment, finding that Georgia public policy required application of Georgia law and since the complaint was not filed within 12 months of the loss, suit was barred. Plaintiff appealed.

The following facts which appear from the record were consented to by the defendant in brief to this court. See Rule 15 (b) (1) (Ga. Code Ann. § 24-3615). On September 30, 1978, defendant, The Home Indemnity Company, through its agent, J. R. Prewitt and Associates, Inc., located in Birmingham, Alabama, issued an insurance contract to Bryson Environmental Services, Inc., located in Dolomite, Alabama, which covered two trucks and the "Woma" model pumps installed on each truck, which were located in Alabama. Plaintiff, General Electric Credit Corporation, located in Jacksonville, Florida, held a security interest in the trucks and pumps. A loss payable endorsement to the insurance contract was executed naming plaintiff as loss payee for the trucks and pumps.

Due to certain defaults under the terms of documents establishing plaintiff's security interest, plaintiff initiated efforts to repossess the secured property. On August 10, 1979, plaintiff took possession of the trucks which had been outfitted with the "Woma" pumps. At that time, plaintiff discovered that the "Woma" pump installed on each truck had been stolen. Thereafter, plaintiff made timely demand upon defendant for loss of said pumps under the insurance contract. Defendant denied liability and claimed that the insurance contract was cancelled effective July 10, 1979, at the request of the insured. The plaintiff, as loss payee, alleged it received no notice of any cancellation of the insurance contract, which would have expired under its own terms on September 30, 1979.

The loss payable clause in the policy, naming plaintiff, provided that: "The Company reserves the right to cancel said policy at any time as provided by its terms, but in such case the Company shall notify the lienholder when not less than ten days thereafter such cancellation shall be effective as to the interest of said lienholder

therein and the Company shall have the right, on like notice, to cancel this agreement."

Since plaintiff contended it was not notified of cancellation as required by the insurance contract, plaintiff alleged in its complaint that such cancellation was not effective and the contract remained in effect until its expiration date. As an alternative cause of action in tort, plaintiff alleged in count II of its complaint that the defendant's negligent failure to notify plaintiff of the alleged cancellation of the insurance contract caused plaintiff to suffer loss. *Held:*

In the case sub judice the insurance contract contains a provision which reads: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." This contract was entered into in Alabama between the insurer The Home Insurance Company, apparently a New York Corporation, through its authorized representative J. R. Prewitt & Associates, Inc. located in Birmingham, Alabama, naming as insured Bryson Environmental Services, Inc. of Dolomite, Alabama. The policy contained a loss payable clause naming the plaintiff whose address was Jacksonville, Florida.

Alabama has a statute which reads: "Except as may be otherwise provided by the Uniform Commercial Code, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void." Florida has a similar statute which provides: "Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." Alabama's statute of limitations on insurance contracts is six years; Florida's statute of limitations is five years. Therefore, the provision of the contract is void in both states.

However, Georgia has no statute preventing parties from contracting to limit the time within which an action on an insurance policy may be brought. In fact, the Georgia cases have held: "A shorter period than the statutable period for the institution of suits, by agreement of the parties in their contract, violates no principle of public policy, provided the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way." *Brown and wife v. The Savannah Mutual Ins. Co.,* 24 Ga. 97 (2). Accord, *Underwriters' Agency v. Sutherlin,* 55 Ga. 267; *Melson v. Phenix Ins. Co.,* 97 Ga. 722 (25 SE 189); *Darnell v. Fireman's Fund Ins. Co.,* 115 Ga. App. 367 (154 SE2d 741). As expressed in *General*

*Ins. Co. of America v. Lee Chocolate Co.,* 97 Ga. App. 588 (103 SE2d 632): "The policy contained a provision providing that no suit or action on the policy for the recovery of any claim could be maintained unless commenced within twelve months next after inception of the loss. The loss occurred on July 23, 1955. The suit on the policy was filed on August 9, 1956, more than one year after the loss. Such a provision in a policy is valid and binding on the parties thereto [cits.] and is a condition precedent to a recovery on the policy. *Graham v. Niagara Fire Ins. Co.,* 106 Ga. 840, (1) [842] (32 SE 579)."

We are therefore presented with a conflict of law question: Where a provision in an insurance contract is void in the state where made and where there are substantial contacts, but the provision is not void in the state where enforcement is sought, which law is applicable?

The plaintiff urges that the provision as a part of the contract should be governed by the laws of the state where made — the lex loci — or where there was to be substantial performance; that this question involves the validity of the provision and is substantive not procedural in nature. The defendant argues that the remedy upon a contract is regulated by the lex fori; that where a statutory limitation bars the remedy, the lex fori governs and suit must be brought within the time prescribed by the law of the state where relief is sought. The defendant argues that recognition of a twelve month limitation by the parties is a matter of Georgia public policy which favors the freedom of parties to contract as they please. Therefore, it is urged that the Alabama and Florida statutes declaring invalid provisions limiting the time within which actions may be brought are contrary to Georgia public policy and should not be enforced in this state.

1. Since such issue was the focal point of the trial court's decision and would be the determinative factor in this case, we first consider the matter of Georgia's public policy. The public policy of this state as expressed by the legislature is that actions on contracts shall be brought within six years. OCGA § 9-3-24 (Code Ann. § 3-705). Thus a party has six years within which to bring suit on an insurance policy. *Burton v. Metropolitan Life Ins. Co.,* 48 Ga. App. 828 (173 SE 922); *Smith v. State Farm &c. Ins. Co.,* 152 Ga. App. 825 (264 SE2d 296). Reversed on other grounds, *State Farm Mutual Automobile Ins. Co. v. Smith,* 245 Ga. 654 (226 SE2d 505).

We are not persuaded by the insurance company's advocacy of a "paramount policy" favoring freedom of contract. See e.g. *Mutual Life Ins. Co. v. Durden,* 9 Ga. App. 797, 800 (72 SE 295); *Brown v. Five Points Parking Center,* 121 Ga. App. 819, 821 (175 SE2d 901). The right to contract as one wishes is not absolute but has been circumscribed by other equally vital rights and considerations of

policy. Certainly with regard to "adhesion" contracts, other factors often take precedence. 16 AmJur2d 129, Contracts, § 79. See *Rossville Fed. &c. Assn. v. Ins. Co. of N. Amer.*, 121 Ga. App. 435, 438 (174 SE2d 204).

The Georgia courts have permitted parties to contract as to a lesser time limit within which an action may be brought so long as " 'the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way.' [cit]" *Melson v. Phenix Insurance Co.*, 97 Ga. 722, 723, supra. If not reasonable or, as we are now wont to say, if it is unconscionable, then it is not permitted regardless of the parties' freedom to contract. See *Strickland v. Gulf Life Ins. Co.*, 240 Ga. 723, 728 (242 SE2d 148).

In our consideration of this issue and others that arise in determination of the results of this case, we find that our recent decision in *Terry v. Mays*, 161 Ga. App. 328 (291 SE2d 44), contains several pertinent holdings. That case offered a converse situation to the one presented in the case sub judice but nevertheless the principles are analogous. *Terry* involved an insurance policy entered into in South Carolina which policy covered damage inflicted by an uninsured motorist. The injuries occurred in Georgia where suit was brought against the uninsured motorist. The insured and uninsured motorist having entered into a consent judgment, the insurer contended the insured violated a policy provision excluding uninsured motorist coverage if the insured settled with the uninsured motorist without the insurer's consent. The question presented was whether the policy's exclusionary provision, which was lawful in South Carolina, would be enforced in Georgia where such provision had been found to be repugnant to our statute. This court held, inter alia: " 'A contract should not be held unenforceable as being in contravention of public policy except in cases free from substantial doubt where the prejudice to the public interest clearly appears [Cit.]'. . . 'Enforcement of a contract or a contract provision which is valid by the law governing the contract will not be denied on the ground of public policy, unless a "strong case" for such action is presented; mere dissimilarity of law is not sufficient for application of the public policy doctrine.' " *Terry v. Mays*, 161 Ga. App. 328, 329, supra.

Therefore we may deduce that, while Georgia permits such time limits as are here found in the policy, Georgia has no public policy which affirmatively requires the priority of such provisions to the exclusion of all other factors. For, quite simply, the only true expression of the legislature as to what constitutes our public policy in this matter is the statute which limits actions on an insurance contract to six years, not twelve months. We therefore find no

overriding consideration as to why Georgia should decline to enforce another state's statute provided, of course, that such state's law is the proper one to apply. Hence, it was error to hold that Georgia would not enforce another state's statutory provisions regulating the contractual limitation of the right to sue.

2. We now must ascertain which state law is applicable to this case.

Georgia formerly had a clearly expressed statutory provision regarding contract conflicts of laws which stated: "The validity, form, and effect of all writings or contracts are determined by the laws of the place where executed." Code of 1933 § 102-108. This was superseded by the Act creating the Uniform Commercial Code in 1962 and as we noted in *Allen v. Smith & Medford, Inc.,* 129 Ga. App. 538, 542 (199 SE2d 876): "Just what effect this changed language has on contracts not covered by the Uniform Commercial Code has not been determined." Unfortunately, this problem has still not been entirely resolved but our courts have basically adopted the rules pronounced by our prior case law even though such decisions were colored and influenced by the now repealed code section. See *Allen v. Smith & Medford, Inc.,* 129 Ga. App. 538, supra; *Hatfield v. Teachers Ins. &c. Assn.,* 146 Ga. App. 642, 647 (247 SE2d 161); *Terry v. Mays,* 161 Ga. App. 328, supra.

According to established precepts, contract remedies are controlled by the place where the action is instituted — the lex fori. *Joice v. Scales,* 18 Ga. 725. On the other hand, the validity, nature, construction and interpretation of a contract are properly predicated on the law of the lex loci contractus, which in its purest sense is the place where the contract was made or entered into (*Tillman v. Gibson,* 44 Ga. App. 440, 442 (161 SE 630)); but, under our law, the place of performance also governs where the contract is made in one place but to be performed in another. *Pratt v. Sloan,* 41 Ga. App. 150 (2) (152 SE 275); *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268, 270 (133 SE2d 96).

(a) The defendant, relying on such cases as *Thomas v. Clarkson,* 125 Ga. 72, 76 (54 SE 77) which hold a statute of limitations is remedial and therefore governed by the law of the forum, asserts that the contractual provision is remedial and should be enforced by our courts since there should be no distinction made between the statute of limitations and one entered into between the parties. In our view, there is a substantial and compelling difference between the application of the Georgia statute of limitations rather than Alabama's as to an action initiated in this state vis-a-vis the question of whether Georgia will enforce an Alabama statute pertaining to contracts which prevents a party from contracting as to a limitation

on the time an action may be brought. John Hancock Ins. Co. v. Yates, 299 U. S. 178 (57 SC 129, 81 LE 106).

The fact that this contract term should be treated differently from one of statutory origin is clearly espoused in *Melson v. Phenix Ins. Co.,* 97 Ga. 722, 723, supra, where the Supreme Court refused to allow what is now OCGA § 9-2-61 (former 1933 Code § 3-808), and was then section 2932 of the Code of 1882, to be applied to relieve the effect of the contractual limitation on the right to bring an action. OCGA § 9-2-61 (Code Ann. § 3-808) clearly did then, and does now, grant relief insofar as the statutory bar is concerned. Furthermore, as the cases cited supra have enunciated, the provision limiting an action to twelve months after a loss is a condition precedent to an insured's right to recover; hence, is a vital contractual term.

It is therefore logically undisputable that in determining which has application — rules of procedure and remedy versus rules of substance — we find that a statutory provision regarding contract terms is substantive as relating to the parties' rights and is not procedural as relating to the parties' remedies.

(b) Learned scholars have pointed out that insurance contracts often have no particular place where performance is contemplated. Thus, it appears reasonable to apply the law of the place where the contract was made. Stated more precisely: "The insurance contract is constructively made at the place where the contract is delivered." *Iowa State Travelers Mut. Assn. v. Cadwell,* 113 Ga. App. 128 (4), (147 SE2d 461); *Pink v. A. A. A. Highway Express, Inc.,* 191 Ga. 502, 513 (13 SE2d 337). As was pronounced in *Missouri &c. Ins. Co. v. Lovelace,* 1 Ga. App. 446, 465 (4) (58 SE 93): "Parties are presumed to contract with reference to the place of the contract. If it is valid there, it is valid everywhere." See *Trustees of Williams Hosp. v. Nisbet,* 189 Ga. 807, 811 (1) (7 SE2d 737) wherein it was held: "Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws." Accord, *Terry v. Mays,* 161 Ga. App. 328, 329, supra.

More recently there has been considerable authority for other tests, such as those based on significant contacts or a significant relationship with the matter in dispute. See Leflar, American Conflicts Law, §§ 57 and 154, pp. 125-128; pp. 380-381 and generally. See Restatement of Conflicts §§ 186-188, 193. Nevertheless, as pointed out by Leflar: "No one suggests that the *Dick* [Home Ins. Co. v. Dick, 281 U. S. 397 (50 SC 338, 74 LE 926)] case is likely to be overruled. The outer limit on constitutionality that it suggests is that no state may create (or destroy) substantive claims by determining

them under the law of a state which has no substantial connection with the transaction in litigation." Supra, p. 125. See also Clay v. Sun Ins. Office, 377 U. S. 179 (84 SC 1197, 12 LE2d 229).

In this case it appears that Alabama has many contacts, Florida a few and Georgia virtually none. The insureds were in Alabama, the agency for the insurance company was in Alabama, the policy was countersigned by the agent in Alabama and delivered in Alabama, the property was in Alabama at that time. The plaintiff, who was a lender holding a security interest in the property, was in Florida. The trucks to which the lost machines (the "Woma" pumps) were attached were found in Tampa, Florida and Birmingham, Alabama. Georgia's only indicated relation to the entire affair is that it is the forum state.

It would therefore appear that, subject to our public policy (see *Nasco, Inc. v. Gimbert,* 239 Ga. 675, 676 (238 SE2d 368)) which we have already found not to be an obstacle, that Alabama meets all of the requirements of the tests normally posed to consider and determine what law will control.

Here, Alabama public policy, as expressed by the statute dealing precisely with such a matter, was that the contractual limitation on which the insured now seeks to rely was unenforceable, invalid and void. In Georgia we have often negated provisions in an insurance contract which violate or are contrary to statutory provisions. See *State Farm. Mut. Auto. Ins. Co. v. Barnard,* 115 Ga. App. 857 (156 SE2d 148); *State Farm. Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257). As was held in *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 807 (147 SE2d 424): "Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and in case of conflict between the policy and the statutory provisions, the latter control." Accord, *State Farm Mut. Auto. Ins. Co. v. Landskroener,* 150 Ga. App. 308, 309 (257 SE2d 376); *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, 713 (300 SE2d 673). Thus, when the insurance company requests we enforce the "contract as written," we do so but not as it contends since, as *validly* written in Alabama, the contract perforce contained no enforceable provision limiting the time in which an action could be brought.

In the *Terry* opinion, 161 Ga. App. 328, 330, supra, it was emphasized that the full faith and credit clause requires that the court not make a new and different contract or create a new right. Noting that a contract's validity is predicated on the law of the place where made, the Supreme Court held in 1847: "The same rule applies to the invalidity of contracts, *vice versa.* If void or illegal by the law of the place of the contract, they are *generally* held void and illegal everywhere. This principle is founded in the elements of natural

justice. If a contract be *void* in its origin, it is inconceivable how validity can be given to it in any other country. It is no contract from the beginning, and no act of foreign legislation can give vitality to it." *Cox v. Adams,* 2 Ga. 158, 165.

Thus, the fact that Georgia permits contractual provisions limiting the time for actions does not mean that Georgia can resurrect a provision which was already dead ab initio in Alabama. Expressed in its most elemental terms, this provision which was not valid where made did not become part of the contract between the parties. Because, under Alabama law, there was no contractual time limitation for the Georgia courts to enforce, we must look to our statutes of limitation and apply them.

Since suit was brought within the period prescribed by our laws, it was error to grant summary judgment to the defendant insurance company.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 16, 1983 —
REHEARING DENIED OCTOBER 7, 1983.

*H. Joseph Chandler, Jr.,* for appellant.
*Charles W. Barrow,* for appellee.