68619. PORTER v. ALLSTATE INSURANCE COMPANY.
(324 SE2d 515)

McMURRAY, Chief Judge.

On March 3, 1981, Jane B. Porter brought suit against Allstate Insurance Company (Allstate), alleging that Allstate had failed and refused to pay for damage sustained on or about May 20, 1980, to real and personal property owned by Porter which was insured by Allstate in the amount of $55,500 under a policy issued to Porter. Allstate had investigated the proof of loss claim filed by Porter in September of 1980 and denied by letter of December 18, 1980, to her attorney that its policy provided coverage for the alleged loss. After several unsuccessful attempts to depose Porter, Allstate filed a motion for sanctions pursuant to OCGA § 9-11-37, and on July 30, 1982, the trial court ordered Porter to appear for deposition within 60 days. On September 27, 1982, a voluntary dismissal without prejudice was entered by her attorney.

On March 25, 1983, the instant action was filed by Porter alleging that Allstate was liable under the same policy for the same loss. Allstate responded with a motion for summary judgment on the ground that the one-year limitation on actions against the insurer contained in the policy entitled it to judgment as a matter of law. Plaintiff's appeal is from the grant of the motion for summary judgment to Allstate. *Held:*

The policy provision in issue clearly and unambiguously states that "No suit or action may be brought against [Allstate] unless there has been full compliance with all the terms of this policy. Any suit or action must be brought within one year after the loss." Such unambiguous provisions limiting and controlling the time within which a suit may be brought subsequent to a loss are valid and binding, and compliance therewith is a condition precedent to recovery. *Smith v. Allstate Ins. Co.*, 159 Ga. App. 743, 744 (1) (285 SE2d 82). "An action

brought after the expiration of [the stipulated period] following the occurrence of the loss is barred by the provision of the policy, and this is true although the [complaint] shows that it is a renewal of a previous action brought within the twelve-month period and that it was brought within six months after the first suit had been voluntarily dismissed. [Cits.]" *Springfield Fire &c. Ins. Co. v. Carter*, 110 Ga. App. 382 (2) (138 SE2d 590). See also *Melson v. Phenix Ins. Co.*, 97 Ga. 722 (1) (25 SE 189).

The one-year limitation is not against public policy, as contended by Porter. "Georgia has no statute preventing parties from contracting to limit the time within which an action on an insurance policy may be brought. In fact, the Georgia cases have held: 'A shorter period than the statutable period for the institution of suits, by agreement of the parties in their contract, violates no principle of public policy, provided the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way.' [Cits.]" *Gen. Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344, 346 (309 SE2d 152). Nothing in plaintiff Porter's arguments persuades us that Allstate has waived enforcement of the one-year provision, or that such provisions are so unreasonable as to violate public policy. See *Strickland v. Gulf Life Ins. Co.*, 240 Ga. 723, 725-731 (242 SE2d 148).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1984.

*Teddy R. Price*, for appellant.
*Dennis J. Webb, Brian A. Boyle*, for appellee.