71481. RICH v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(342 SE2d 768)

McMURRAY, Presiding Judge.

On March 26, 1985; plaintiff Rich filed a complaint against Georgia Farm Bureau Mutual Insurance Company (GFB) seeking recovery for a claim he made under a GFB insurance policy. In his complaint, the plaintiff alleged that his loss occurred on March 26, 1983. GFB answered the complaint, alleging that the plaintiff's claim is barred by the following language found in the insurance contract: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." GFB then moved for judgment on the pleadings (which was later converted into a motion for summary judgment). On June 3, 1985, the trial court conducted a hearing and found that "the plaintiff is barred from bringing this action because it was filed more than twelve months from the date of the alleged loss as is required by the policy." Summary judgment was granted in favor of GFB. The plaintiff appeals pro se. *Held*:

1. The policy provision in issue is clear and unambiguous. "Such

unambiguous provisions limiting and controlling the time within which a suit may be brought subsequent to a loss are valid and binding, and compliance therewith is a condition precedent to recovery. *Smith v. Allstate Ins. Co.*, 159 Ga. App. 743, 744 (1) (285 SE2d 82)." *Porter v. Allstate Ins. Co.*, 172 Ga. App. 657 (324 SE2d 515).

2. The plaintiff's argument that GFB waived the policy limitation because of illegal settlement negotiations is without merit. See *Desai v. Safeco Ins. Co. of America*, 173 Ga. App. 815, 818 (328 SE2d 376).

3. Our holdings in Divisions 1 and 2 render it unnecessary to consider all remaining enumerations of error.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 17, 1986.

William M. Rich, *pro se.*
*F. Thomas Young, William A. Turner, Jr.,* for appellee.