**STENGER INDUSTRIES, INC.**
**Plaintiff-Appellee,**

v.

**INTERNATIONAL INSURANCE COMPANY, Defendant-Appellant.**

**Civ. A. C87–546A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 7, 1987.

Harold Michael Bagley, Drew Eckly & Farnham, Atlanta, Ga., for plaintiff-appellee.

Frank B. Wilensky, Macey, Wilensky, Cohen, Whittner & Kessler, Atlanta, Ga., for defendant-appellant.

## ORDER

ROBERT H. HALL, District Judge.

Appellant International Insurance Company ("International") brought this appeal from the United States Bankruptcy court's denial of its motion for summary judgment pursuant to jurisdictional provision 28 U.S.C. § 158. For the reasons stated herein, the court grants appellant leave to bring this interlocutory appeal and reverses the Bankruptcy Court's denial of appellant's motion for summary judgment.

## FACTS

The facts for the purpose of this appeal are substantially not in dispute. On or about May 19, 1982, Appellee Stenger Industries, Inc. ("Stenger") allegedly experienced property losses resulting from fires and explosions. Appellee alleges that on the date of the loss an insurance policy issued by Appellant International and covering the property in question was in effect. The policy contained the following provision:

> No suit shall be brought on this policy unless insured has complied with all policy provisions and has commenced the suit within one year after the loss occurs.

On August 24, 1982, Appellee filed a Chapter 11 bankruptcy petition and is the current Debtor-in-possession. Appellee commenced a suit against appellant, Adversary Proceeding No. 82–3181A, in the United States Bankruptcy Court for the Northern District of Georgia on December 22, 1982, seeking damages for its losses and damages against appellant pursuant to Ga. Off'l Code Ann. § 33–4–6 for bad faith. This suit was ultimately dismissed without prejudice for want of prosecution on January 10, 1986.

On April 30, 1986 within six months of the dismissal of Adversary Case No. 82–3181A, appellee commenced a second Adversary Proceeding No. 86–0446A alleging the same cause of action and seeking the same damages. On September 15, 1986, appellant International moved for summary judgment arguing that this action violated the contractual time limitation for suit contained in the insurance policy because the present suit was filed more than one year after the initial loss of property.

The United States Bankruptcy Court in its January 20, 1987 memorandum of opinion and order denied appellant International's motion for summary judgment ruling that the present action is allowable under Ga.Off'l Code Ann. § 9–2–61(a). Currently before this court is appellant's appeal from that order.

## DISCUSSION

### I. Leave to Hear Interlocutory Appeal

Section 158 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 158, vests this court with juris-

diction to hear appeals from the Bankruptcy Court of "final judgments, orders and decrees." In addition, with leave of this court, an interlocutory may be taken. 28 U.S.C. § 158(a). The terms "final" and "interlocutory" are governed by the same standards as are used in appeals of civil proceedings from district courts to the courts of appeals. 28 U.S.C. § 158(c).

The denial of summary judgment in this case is not a "final" decision. The statute governing interlocutory appeals is 28 U.S.C. § 1292(b) which is made applicable to this proceeding by 28 U.S.C. § 158(c). Section 1292(b) provides that an interlocutory appeal is permissible where the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ..." 28 U.S.C. § 1292(b).

As a preliminary matter, appellant has not formally moved this court for leave to appeal. Nevertheless, the court finds that both parties have addressed the threshold issue on whether leave to appeal is proper. The court, therefore, reads appellant's brief in support as moving for leave to appeal.

The court finds that appellant has met both prongs of the § 1292(b) test for allowing an interlocutory appeal. First, regarding whether there is a controlling question of law as to which there is substantial ground for difference of opinion, appellant has demonstrated an apparent inconsistency in the holdings of the Georgia Supreme Court that requires resolution.

The question presented on motion for summary judgment before the Bankruptcy Court was whether the Georgia "savings" statute, Ga.Off'l Code Ann. § 9–2–61(a), designed to save a renewed action from the effect of the statute of limitations, also operates to save a renewed action from a contractual limitations period. Appellant has cited this court numerous cases which answer this question in the negative.

In *Melson v. Phoenix Insurance Co.*, 97 Ga. 722, 25 S.E. 189 (1896), the Georgia Supreme Court considered two cases factually similar to the instant case. In actions against fire insurance companies, the language of the insurance policies at issue required the parties to commence suit on the policies within twelve months of the loss.[1] In each case, plaintiff brought suit within the time required by the policy. However, a nonsuit was granted. A new action was brought within six months of the entry of nonsuit in compliance with the savings statute then in existence. But, the action was brought after the expiration of the twelve month contractual limitation period. In holding that the "savings" statute had no effect on the contractual limitations period the court reasoned as follows:

> Section 2932 of the code, which gives a plaintiff who is nonsuited the right to renew his action within six months, has no application. It is only a part of the law of limitations; and where the parties, by agreement, make a fixed and unqualified limitation for themselves, they abandon all the legal regulations on the subject, and consequently must stand upon their contract as written. Where a party binds himself absolutely to sue within twelve months, or not at all, it would be a radical and material departure from the contract to allow such a variance from its plain terms as would have resulted from a proviso declaring that a suit brought within that time might be renewed within six months, in case of nonsuit. To subject the rule of the contract—which has taken the place of the rule of the law—to an exception like this would, in our judgment, be totally unwarranted. When the plaintiffs in these cases waived the right to rely upon the law of limitations, they waived every-

---

1. The one-year limitation is not against public policy provided the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way. *General Electric Credit Corp. v. Home Indemnity Co.*, 168 Ga.App. 344, 346, 309 S.E.2d 152 (1983). Such unambiguous provisions limiting and controlling the time within which a suit may be brought subsequent to a loss are valid and binding. *Porter v. Allstate*, 172 Ga.App. 657, 324 S.E.2d 515 (1984).

thing which any part of the law on the subject provided for their benefit.

*Id.* at 723, 25 S.E. 189.

This holding and reasoning have retained their vitality in numerous cases since *Melson* was decided. *See Gross v. Globe & Rutgers Fire Insurance Co.,* 140 Ga. 531, 79 S.E. 138 (1913); *McDaniel v. Germany-American Insurance Co.,* 134 Ga. 189, 67 S.E. 668 (1910); *Porter v. Allstate Insurance Co.,* 172 Ga.App. 657, 324 S.E.2d 515 (1984); *Springfield Fire & Marine Insurance Co. v. Carter,* 110 Ga.App. 382, 138 S.E.2d 590 (1964) (citing *Melson* and progeny in factual situations analogous to the instant case); *see also Kenemer v. Arkansas Fuel Oil Co.,* 151 F.2d 567 (5th Cir. 1945).

■ Appellee, in support of its position that the "savings" statute, Ga.Off'l Code Ann. § 9–2–61(a), also applies to a contractual limitation period, cites *Birmingham Fire Insurance Co. of Pennsylvania v. Commercial Transportation, Inc.,* 224 Ga. 203, 160 S.E.2d 898 (1968). In that case which presented the same procedural posture as *Melson* and the instant case, the court held that "[t]he trial court did not err in overruling the defendant's motion to dismiss on the ground that the action was filed more than twelve months after the loss occurred." *Id.* at 204, 160 S.E.2d 898. Thus, the court in *Birmingham,* contrary to the holdings citing *Melson* and its progeny that Code § 9–2–61(a), the "savings" statute, does not apply to a contractual limitation period, affirmed the trial courts denial of defendant's motion to dismiss. This court finds that the inconsistency in these holdings involves a controlling question of law as to which there is substantial ground for difference of opinion. 28 U.S.C. § 1292(b).

Likewise, as to the second prong of § 1292(b), if this court refuses to hear appellant's appeal of the order of the bankruptcy court, needless time will be wasted were this court ultimately to determine af-

ter a complete bankruptcy court proceeding that summary judgment should properly have been granted. An immediate appeal on this question may substantially advance the termination of the case. *Id.*

II. Issues on Appeal

■ As is true in diversity cases, where there is conflict in state Supreme Court authorities, this court must sit as the state Supreme Court to reconcile the conflict.[2] Hart and Wechsler, *The Federal Courts and the Federal Court System* (2d ed. 1973). As noted above, the result in *Birmingham* seems at odds with the preceeding run of cases relying on the *Melson* analysis, as well as in conflict with the Georgia Court of Appeals holding in *Porter v. Allstate supra* decided after *Birmingham.* A careful reading of *Birmingham* demonstrates the case to be an aberration without the reasoned elaboration needed to overrule *Melson.* The court in *Birmingham* ruled in conclusory fashion and without explicit rationale en route to discussing other issues at length. Not only does the case fail to explicitly overrule *Melson,* the court nowhere in the opinion mentions any of the prior decisions on this issue. Moreover, the cases cited by the *Birmingham* court as supportive of its holding do not involve the interplay between the renewal statute and a contractual limitation period and are otherwise irrelevant. *See Atlanta, Knoxville & C.R. Co. v. Wilson,* 119 Ga. 781, 47 S.E. 366 (1904); *Lamb v. Howard,* 150 Ga. 12, 102 S.E. 436 (1920); *Cutliffe v. Pryce,* 187 Ga. 51, 200 S.E. 124 (1938).

The court finds that in the face of nearly seventy-five years of consistent precedent, a single conclusory paragraph demonstrating no awareness of contrary precedents is insufficient to overrule the earlier line of cases. Indeed, the *Melson* case and its progeny are better and more thoroughly reasoned. It also appears that the vast majority of states have construed their "savings" statutes consistent with the analysis in *Melson.* 16 A.L.R.3d 452, 455–

---

**2.** As many as 34 states have avoided this problem by passing legislation permitting immediate certification by the United States District Courts of state law questions to the highest state court

for resolution. Georgia has not seen fit to do so as of yet. Hall, *Federal Courts, State Law and Certification,* Ga.St.Bar Journal Vol. 23, No. 3, p. 120–22 (1987).

460 (1967 and 1986 Supp.). The *Birmingham* holding, therefore, should be limited to the particular facts of that case.

The Bankruptcy Court erred in applying Georgia Code § 9–2–61(a) to negate the effect of the contractual limitation period found in appellant's policy.

## CONCLUSION

The court concludes that under the applicable Georgia law, the Bankruptcy court was in error in denying appellant's motion for summary judgment. REVERSED and REMANDED.