**In re MASTER MORTGAGE INVESTMENT FUND, INC., Debtor.**

**MASTER MORTGAGE INVESTMENT FUND, INC., Plaintiff,**

v.

**AMERICAN NATIONAL FIRE INSURANCE COMPANY, Defendant.**

Bankruptcy No. 92–41386–2–11.
Adv. No. 92–4286–2.

United States Bankruptcy Court, W.D. Missouri.

April 5, 1993.

Wirken & King, Kansas City, MO.

John P. Kreis, Stroock, Stroock & Lavan, Los Angeles, CA, for plaintiff/debtor.

Richard E. McLeod, Grace L. Spezia, Kansas City, MO, for defendant.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The Court now revisits this adversary action filed by Debtor Master Mortgage Investment Fund ("Master Mortgage") against American National Insurance Company ("American National") on Defendant's motion for summary judgment as to Count I of the complaint—the breach of contract claim. On March 9, 1993, the Court filed its opinion on Defendant's summary judgment motion as to Counts II through IX.

## FACTS

Master Mortgage made a loan to Hotel Management Corporation of Texas to acquire a hotel property in Euless, Texas. American National issued a policy of insurance to insure the hotel property against various hazards including windstorm and hail damage. Master Mortgage was named as the loss payee on that policy. In May of 1989, a windstorm severely damaged the hotel roof. In June of that year, American National settled the roof damage claim with the hotel owner only; Master Mortgage was not informed of the damage or of the claim settlement, in contravention of the loss payee clause in the insurance policy. The hotel owner had the roof damage repaired, but, as a result of alleged inadequacies in the repair job, the roof subsequently leaked and caused severe damage to the interior of the hotel building. Eventually, the hotel owner defaulted on its debt to Master Mortgage, and in February of 1990 Master Mortgage foreclosed on the debt and purchased the property at the foreclosure sale. Because of the extensive water damage to the property, Master Mortgage ceased operation of the hotel in March of 1990.

Master Mortgage originally filed suit against American National on October 3, 1990, in the District Court of Dallas County Texas. Master Mortgage filed its voluntary Chapter 11 petition on April 17, 1992. On August 31, 1992, Master Mortgage voluntarily dismissed the Texas action and, on the same date, filed the instant suit, alleging substantially the same causes of action, in the bankruptcy court.

## DISCUSSION

American National argues that this breach of contract cause of action is barred by a limitation of action provision in the insurance policy itself. The policy provides that

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years and one day next after cause of action accrues.

For purposes of this opinion, the Court need not enter into a close analysis of exactly when Master Mortgage's cause of action accrued. Suffice it to say that there is a letter from Master Mortgage's counsel to the roofing contractor dated March 22, 1990, which demonstrates that, at least by that date, Master Mortgage had knowledge of the facts giving rise to their cause of action. The action was filed in this court on August 31, 1992. American National argues that because more than two years elapsed since Master Mortgage's cause of action accrued, the above quoted limitation clause from the insurance contract serves to bar this action.

■ Initially, the Court notes that Master Mortgage is bringing this action against American National as a third party beneficiary of the insurance contract between Hotel Management Corporation and American National. Just as Master Mortgage seeks to enforce the benefit of being named the loss payee under that policy, it must also live with the obligations imposed by the policy. Certainly, a loss payee may bring action against an insurer on the contract of insurance as a third party beneficiary. *Wunschel v. Transcontinental Insurance Co.,* 17 Kan.App.2d 457, 839 P.2d 64, 69 (1992). But, third party beneficiaries are bound by the contract terms and subject to the same defenses as the promisor could assert if the promisee were suing on the contract. *Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 369, 104 S.Ct. 1844, 1848, 80 L.Ed.2d 366 (1984); 2 Samuel Williston, A Treatise on the Law of Contracts § 394 (3d ed. 1959). Thus, if the contractual limitation provision would supply a valid defense against the promisee, Hotel Management Corporation, it also supplies a valid defense against Master Mortgage as the third party beneficiary.

■ In addition, the Kansas saving statute, Kan.Stat.Ann. § 60–518, is of no help to Master Mortgage. The saving statute allows a Kansas plaintiff to file a new action within six months of taking a voluntary dismissal even though the statute of limitations has run. But the saving statute is part of the state's statute of limitations and does not relate to a contractual limitations period such as that under consideration in this case. *See*

*Stenger Industries, Inc. v. International Insurance Co.,* 74 B.R. 1017, 1019–21 (N.D.Ga. 1987). In effect, by contracting for a limitations period which is different from the statutory period, the parties have waived their rights to rely on the statute of limitations. If the above contractual limitation language is applicable to Master Mortgage's suit, then the Kansas saving statute does not serve to save their cause of action after taking the voluntary dismissal.

■ The Court is left with the question of whether, where a mortgagee is named as the loss payee on a hazard insurance policy, a suit by the mortgagee to enforce the insurance company's contractual promise to pay it as the loss payee is an action on the policy for the recovery of a "claim." The resolution of this motion appears to come down to the definition of the term "claim."

The Court does not find that the use of the term "claim" in the contractual limitation clause is so limited that Master Mortgage's demand upon American National for payment in accordance with the policy terms would not be considered a "claim" under the insurance policy. The Court, therefore, finds that the limitation clause in the insurance contract does apply to Master Mortgage's suit and operates to bar this action.

■ The first place to search to determine the meaning of "claim" must be the four corners of the insurance contract itself. While the term is not specifically defined, it is used in a number of places in the insurance contract. In at least one instance, the context is clear that it is being used in relation to the filing of a request for payment of a loss by the insured. Paragraph 4 of the Replacement Cost Endorsement reads:

> Insured's Election—The Insured may elect first to make *claim* under this Policy in accordance with its terms and conditions, disregarding this Endorsement, except that the Coinsurance Clause contained herein shall apply to all *claims* under such item(s), and the Insured may make further *claim* for any additional liability brought about by this Endorsement in accordance with its terms, conditions and limitations.

The context of this paragraph surely contemplates a claim that is the request for payment of a loss under the policy made by the insured and not a third party beneficiary. But that in no way means that all uses of the term in the insurance policy must be so limited. Most uses of the term in the policy are much less specific. Paragraph 1 of the Large Deductible Endorsement is typical:

> Each *claim* for loss or damage (separately occurring) shall be adjusted separately and from each such adjusted *claim* the sum of $1,000 shall be deducted.

In this sentence, as well as other instances of the term's use, there are no clear contextual clues that limit the scope of the term's meaning.

The Court has also looked to relevant state statutes to determine the meaning of the term "claim" in relation to this insurance contract. The contract form used by the insurance company is a "Texas Commercial Package Policy." Because American National used a Texas policy form in the drafting of this insurance contract, the Court has looked at Texas statutes regulating the insurance industry for an indication of how "claim" might be used in forms tailored for use in the state of Texas. The only definition of the term "claim" that the Court could locate appeared in Tex.Ins.Code art. 21.55, § 1(3) (LEXIS 1993). That section deals with prompt payment of claims and defines claim as follows:

> "claim" means a first party claim made by an insured or a policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract that must be paid by the insurer directly to the insured or beneficiary.

Master Mortgage certainly is a beneficiary named in the policy to whom the insurer was to make direct payment.

The Court also looked at Kansas regulatory statutes because Kansas provides the body of law by which the Court will decide the substantive issues in this suit. The court found no definition of the term "claim" in the Kansas statutes. But neither did the Court find the term being used in such a restrictive way as to preclude Master Mortgage's demand for payment under the terms of the insurance contract from being considered a "claim."

In sum, the Court believes that the word "claim" is used in a rather generic fashion in the insurance industry as a whole, and specifically in the insurance contract under examination in this case. It is used in a broad enough manner to encompass Master Mortgage's demand for payment of amounts due under the insurance contract. Thus, this suit, based on Master Mortgage's "claim" is barred by the contractual limitations clause in the insurance contract because it was filed more than two years after accrual of the cause of action.

Such contractual limitations provisions are commonplace in insurance contracts and are designed to give insurance companies timely notice of potential liabilities. As a loss payee named in the contract, Master Mortgage has the right to take advantage of the benefits of the policy, but is likewise bound by its conditions.

## CONCLUSION

In accordance with the above discussion, Defendant American National's motion for summary judgment as to Count I of the complaint is GRANTED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.